UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeremiah L. Loeb,

      Plaintiff,

v.

Minnesota Department of Corrections; Paul Schnell, *in their individual and official capacities*; Luke Fratzke, *in their individual and official capacities*; Safia Khan, *in their individual and official capacities*; Crystal Brakke, *in their individual and official capacities*; Abby Domagalski, *in their individual and official capacities*; Dana Feddema, *in their individual and official capacities*; and John Does 1–5, *in their individual and official capacities*,

      Defendants.

File No. 26-cv-1844 (ECT/DLM)

**OPINION AND ORDER**

Jeremiah L. Loeb, *pro se*.

Jennifer Cho Moreau and Madeline Mae Sheehy, Minnesota Attorney General's Office, St. Paul, MN, for Defendants Minnesota Department of Corrections, Paul Schnell, Luke Fratzke, Safia Khan, Crystal Brakke, and Abby Domagalski.

Plaintiff Jeremiah Loeb brings this *pro se* suit challenging intensive supervised release conditions imposed as part of his sentence for attempted homicide in Minnesota state court. Mr. Loeb objects that he is required to register as a predatory offender despite not pleading guilty to a sex offense, and as a result, he is not allowed to access social media, possess more than one mobile telephone, or have a PlayStation 5. Defendants are the

Minnesota Department of Corrections and several of its officials, and they move to dismiss Mr. Loeb's complaint under Federal Rule of Civil Procedure 12(b)(6). That motion will be granted because Mr. Loeb's claims are impermissible attacks on a facially valid state-court sentence.

I[1]

In 2016, Mr. Loeb pleaded guilty to second-degree attempted homicide in Minnesota state court. Compl. [ECF No. 1] ¶ 12; *see* Minn. Stat. § 609.19, subdiv. 1 (statute of conviction). At his plea hearing, the State agreed to dismiss the other charges. Transcript of Plea Hearing at 2, *State v. Loeb*, 27-CR-15-26807 (Minn. Dist. Ct. Feb. 22, 2016) (Index No. 22); *see* Compl. ¶ 11. That included a charge of first-degree criminal sexual conduct. Complaint at 1, *Loeb*, 27-CR-15-26807 (Index No. 2); *see* Compl. ¶¶ 11–12; Minn. Stat. § 609.342, subdiv. 1(e)(i) (charged offense). Mr. Loeb believes the sex offense charge was "maliciously and falsely filed." Compl. ¶ 11. Even though that charge was dismissed, Mr. Loeb still agreed at his plea hearing to register as a "predatory offender." Transcript of Plea Hearing at 8, *Loeb*, 27-CR-15-26807 (Index No. 22); Compl.

---

[1]    In accordance with the standards governing a Rule 12(b)(6) motion, the facts are drawn entirely from the Complaint, *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014), or from public records embraced by the Complaint, *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008). Public records embraced by the Complaint here include court orders and other records of court proceedings. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012). Here, Mr. Loeb's state-court records and other public records will be considered. Though they are not attached to the complaint, they are incorporated by reference. *See Podraza v. Whiting*, 790 F.3d 828, 833 (8th Cir. 2015). There is no question the records Defendants cite are authentic—the years, offense description, release terms, and full name all match. Mr. Loeb has not responded to the motion to dismiss, so he has not disputed their authenticity.

2

¶ 12 ("Plaintiff is required to register as a predatory offender, despite having no sexual offense per Minnesota statute."). That registration became part of the sentence. As the sentencing judge explained,

> I am ordering you, as part of your sentence, to comply with all the registration for predatory offenders, any registration that governs that. I don't make any claim to know what they will be throughout the time that you are incarcerated. However, whatever changes that may be made to that law, you're required to comply with whatever the statute indicates.

Transcript of Sentencing Hearing at 8, *Loeb*, 27-CR-15-26807 (Index No. 23); *see also* Warrant of Commitment at 2, *Loeb*, 27-CR-15-26807 (Index No. 19) (requiring registration as predatory offender as part of the sentence). Mr. Loeb was sentenced to a term of 181 and a half months, with 121 months served in prison and 60 and a half months on supervised release. *See* Transcript of Sentencing Hearing at 5, *Loeb*, 27-CR-15-26807 (Index No. 23); Warrant of Commitment at 1–2, *Loeb*, 27-CR-15-26807 (Index No. 19). He was released from prison on January 5, 2026, and began his term of "intensive supervised release." *Locator*, Minn. Dep't of Corr., https://coms.doc.state.mn.us/ publicviewer/OffenderDetails/Index/220816/Search (last visited July 14, 2026); *see* Compl. ¶ 12 (alleging release on unspecified date).

Mr. Loeb's intensive supervised release terms restrict his conduct in several ways, and these grievances are the basis for the suit. He is not allowed to access any social media platforms. Compl. ¶ 13. He may not possess or use certain Internet-capable devices, including a PlayStation 5. *Id.* ¶ 14. He may not possess more than one mobile telephone, which the Department of Corrections monitors 24/7 through an electronic surveillance

3

application. *Id.* He must attend and complete psychosexual education classes. *Id.* ¶ 16. The social-media ban limits Mr. Loeb's business—he is a professional tattoo artist, and he uses social media to market his services. *Id.* ¶ 13. He alleges that the other restrictions are not shared by "similarly situated citizens and community-supervision clients." *Id.* ¶ 14. Imposing these restrictions, Mr. Loeb believes, violates the First Amendment's protection of free speech and association, *id.* ¶¶ 17–20 (Count I); the Fourteenth Amendment's Equal Protection Clause, *id.* ¶¶ 21–23 (Count II); and the Fourteenth Amendment's guarantee of substantive due process, *id.* ¶¶ 24–26 (Count III). He brings this 42 U.S.C. § 1983 suit against the Minnesota Department of Corrections ("DOC"), its Commissioner and Deputy Commissioners, a DOC caseworker, a DOC supervisor,[2] and anonymous DOC officials and employees. Compl. ¶¶ 2–9. Mr. Loeb seeks a declaration that the social-media ban and electronic-device restrictions violate the First and Fourteenth Amendments, a declaration that requiring him "to attend and complete psychosexual education or sex-offender-type treatment, absent any sex-offense conviction, violates the Fourteenth Amendment," and injunctions prohibiting Defendants from enforcing the social-media ban and electronic-device restriction against him. *Id.* ¶ 30. He also seeks compensatory and punitive damages. *Id.* ¶¶ 27–28.

---

[2]    Defendants note that Defendant Dana Feddema is not employed by the DOC but by Hennepin County, as shown by public records. ECF No. 11 at 5 (citing *Details*, MN Dep't of Corr., https://coms.doc.state.mn.us/CommunityServicesDirectory/Detail/Index/3912 (last visited July 14, 2026)).

II

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Gorog*, 760 F.3d at 792. Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Considering "matters outside the pleadings" generally transforms a Rule 12(b)(6) motion into one for summary judgment, Fed. R. Civ. P. 12(d), but not when the relevant materials are "necessarily embraced" by the pleadings, *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

III[3]

Defendants' motion will be granted because it is barred by the favorable-termination doctrine. In *Heck v. Humphrey*, the Supreme Court held:

---

[3]   Mr. Loeb has not filed an opposition brief to Defendants' Motion, and more than twenty-one days have passed. *See* ECF No. 18 (notice of non-response); *see also* D. Minn. LR 7.1(c)(2) (requiring responding party to file an opposition memorandum within twenty-one days after the filing of a dispositive motion). The Federal Rules and Local Rules contemplate dismissal in this situation. *See* Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute); D. Minn. LR 7.1(g)(6) (authorizing the court to take any action it "considers appropriate" when a party fails to timely file and serve a memorandum of law); *see also Carter v. Hiesterman*, No. 17-cv-1061 (DWF/ECW), 2019 WL 7650425, at *5 (D. Minn. Oct. 21, 2019) (discussing the rules), *R. & R. adopted*, 2020 WL 375668 (D. Minn. Jan. 23, 2020). Regardless, this order will address the dispositive legal issue.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486–87 (1994) (footnote omitted). "[T]he principle barring collateral attacks—a longstanding and deeply rooted feature of both the common law and our own jurisprudence—is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Id.* at 490 n.10; *see Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007). While *Heck* concerned a suit for damages, later decisions have clarified that the favorable-termination rule also applies when plaintiffs seek equitable relief, so long as the requested injunction or declaratory judgment necessarily implies that the state-court conviction or sentence is invalid. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *see also Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) ("Under *Heck*, we disregard the form of relief sought and instead look to the essence of the plaintiff's claims."). Summarizing *Heck* and its progeny, the Supreme Court explained that

> a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson*, 544 U.S. at 81–82. Alternatively, if the plaintiff seeks "wholly prospective" relief, such as "to be free from prosecutions for future violations," *Heck* is no barrier.

6

*Olivier v. City of Brandon*, 607 U.S. 552, 564 (2026) (quoting *Wooley v. Maynard*, 430 U.S. 705, 711 (1977)).  In those circumstances, the suit would not "collaterally attack the old conviction."  *Id.* (citation modified).

Whether the favorable-termination doctrine applies when plaintiffs challenge the conditions of supervised release "is still unsettled" in this Circuit, but the better answer is that it does, certainly on the facts here.  *See Williams v. Hollaren*, No. 16-cv-552 (WMW/SER), 2017 WL 513926, at *5 (D. Minn. Jan. 11, 2017), *R. & R. adopted*, 2017 WL 507215 (D. Minn. Feb. 7, 2017).  Mr. Loeb's intensive supervised release term was 60 and a half months of his 181-and-a-half-month sentence.  *See* Transcript of Sentencing Hearing at 5, *Loeb*, 27-CR-15-26807 (Index No. 23).  He was ordered at sentencing to register as a predatory offender and to comply with the conditions under that statute.  *Id.* at 8.  That statute requires the Commissioner of the DOC to impose as a release condition a total social-media ban.  *See* Minn. Stat. § 244.05, subdiv. 6(h).[4]  It also allows the

---

[4]    This provision applies to any "inmate required to register under section 243.166 who is placed on intensive supervised release under this subdivision."  Minn. Stat. § 244.05, subdiv. 6(h).  Defendants note that Mr. Loeb "does not challenge the requirement to register as a predatory offender, which [was] pursuant to Minn. Stat. § 243.166, subd. 1b(a)."  ECF No. 11 at 9 n.5.  Under section 243.166, registration is required for a person who was "charged with or petitioned for a felony violation of or attempt to violate" any of several enumerated offenses, including "criminal sexual conduct under section 609.342," and was "convicted of . . . that offense or another offense arising out of the same set of circumstances."  Minn. Stat. § 243.166, subdiv. 1b(a)(1)(iii).  Mr. Loeb was charged with criminal sexual conduct in violation of section 609.342, and was convicted of attempted homicide in the second degree, in violation of section 609.19, subdivision 1.  Warrant of Commitment at 1, *Loeb*, 27-CR-15-26807 (Index No. 19).  The attempted homicide charge arose out of the same set of circumstances as the criminal sexual conduct charge.  *Compare* Transcript of Plea Hearing at 10–14, *Loeb*, 27-CR-15-26807 (Index No. 22) (pleading to facts of attempted homicide), *with* Complaint at 1, 3, *Loeb*, 27-CR-15-26807 (Index No. 2) (alleging same offense conduct on same day).  In a very similar case, a court in this

Commissioner to conduct electronic surveillance and search electronic devices capable of accessing the Internet. Minn. Stat. § 244.05, subdiv. 6(c)(1), (8). For Mr. Loeb's suit to be successful, I would have to find that the state-court sentence was invalid. *See Evenstad v. Klavins*, No. 20-cv-1119 (ECT/ECW), 2020 WL 4550466, at *2 (D. Minn. July 7, 2020) ("The conditions of release imposed in the complaint were imposed upon [the defendant] as part of a facially valid sentence."), *R. & R. adopted*, 2020 WL 4548273 (D. Minn. Aug. 6, 2020). Mr. Loeb has not shown that his sentence was reversed, expunged, or otherwise rendered invalid, so his action is directly barred by *Heck*. Finally, the weight of authority in this District supports this conclusion. *See Jackson v. Axtell*, No. 18-cv-1073 (PJS/SER), 2018 WL 6520651, at *2 (D. Minn. Sep. 11, 2018) (finding *Heck* foreclosed challenge to supervised release conditions), *R. & R. adopted*, 2018 WL 5840047 (D. Minn. Nov. 8, 2018); *Apollo v. Defendant*, No. 20-cv-1563 (NEB/LIB), 2020 WL 6586684, at *1 (D. Minn. Oct. 1, 2020) (same), *R. & R. adopted*, 2020 WL 6586232 (D. Minn. Nov. 10, 2020); *Evenstad*, 2020 WL 4550466, at *2 (same).

---

District found that designation as a sex offender was lawful because the dismissed sex offense "was based on information related to the same set of circumstances as [the defendant's] first-degree assault conviction." *Moore v. Comm'r of Corr.*, No. 09-cv-2060 (JRT/FLN), 2010 WL 4116612, at *6 (D. Minn. June 7, 2010), *R. & R. adopted*, 2011 WL 1827472 (D. Minn. May 12, 2011).

8

## ORDER

Therefore, based on all the records, files, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.     The DOC Defendants' Motion to Dismiss [ECF No. 9] is **GRANTED**.

2.     Plaintiff Jeremiah L. Loeb's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 14, 2026                              s/ Eric C. Tostrud
                                                          Eric C. Tostrud
                                                          Chief Judge, United States District Court